UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL P. HARGROVE,                Case No. 1:17-cv-748
    Plaintiff,

                                                   Dlott, J.
   vs.                                         Bowman, M.J.

CAPT. FRISBY, et al.,                **ORDER AND REPORT**
    Defendants.                          **AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, has filed a pro se civil rights complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants "Capt. Frisby," "Lt. Couch," "Chapl[ain]Taylor," "Chapl[ain] Palmer," and "C.O. Whitlow."[1] (Doc.1, at PageID 2). Plaintiff also has filed a "Motion to Add Defendant" (Doc. 7) as well as a miscellaneous, untitled document that the Clerk of Court has appropriately filed as a notice (Doc. 8). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court is plaintiff's Motion to Add Defendant. (*See* Doc. 7).

---

[1] In his request for relief, petitioner asserts "the Warden would be included in this case due to he blocked me from filing the rest of the steps of the grievance procedure by blocking me from getting on the computer." (Doc. 1, at PageID 2). Plaintiff states that he will seek monetary damages from the Warden. Therefore, for purposes of this screening, the Court will assume that plaintiff intended to also name the Warden as a party to this case.

I.  **Screening of Complaint (Doc. 1)**

   A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint (Doc. 1)

First, plaintiff asserts that defendants Frisby and Couch violated the First, Fourth, and Eighth Amendments by allegedly subjecting plaintiff to two body-cavity searches. (Doc. 1, at pageID 1). Plaintiff alleges that, on the evening of October 18, 2017, "at about 6:30 p.m., [he] was walking down the hallway coming from dinner and was subject to a body cavity strip search because a guy was talking too loud in the hallway." (Doc. 1, at PageID 1). Plaintiff

3

claims that he was subjected to the body-cavity search even though "the guy" told Frisby that plaintiff was not the person who was talking loudly. (*Id*.). Plaintiff further alleges that "as he was trying to leave, he was called back by [Couch] to be cavity searched" again. (*Id*.). Plaintiff claims that the body-cavity searches were in retaliation for his filing a lawsuit against the Warden and for filing grievances and constituted sexual harassment. (Doc. 1, at PageID 1).

Next, plaintiff asserts that defendants Taylor and Palmer violated the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Doc. 1, at PageID 1). Plaintiff alleges that he was refused religious services for "about 3 months" while living in a "disciplinary dorm." (Doc. 1, at PageID 1). Plaintiff alleges that he wrote Taylor "several k[i]tes" asking to be put on "the Jumuah and Taleem list," but was informed that "since [he] was in a[] disciplinary dorm, he couldn't go on the Taleem list." (Doc. 1, at PageID 1). Plaintiff contends that he also wrote Palmer and was informed that plaintiff "couldn't go to Taleem because he was in a[] disciplinary dorm but . . . could go to Jumuah." (Doc. 1, at PageID 2). Plaintiff asserts that "both parties should scrap the rule because the Christians get to go to all services and they are in the same dorm as [him]." (Doc. 1, at PageID 2).

Plaintiff asserts that defendant Whitlow violated the Eighth Amendment when he "refused to give [plaintiff] new state issued blankets and sheets" and instead gave plaintiff blankets and sheets that were "old and been slept in already." (Doc. 1 at PageID 2).

Finally, as set forth above in footnote one, plaintiff alleges that the Warden "blocked [plaintiff] from filing the rest of the steps of the grievance procedure by blocking [him] from getting on the computer." (Doc. 1, at PageID 2).

As relief, plaintiff seeks monetary damages against the defendants. (*See* Doc. 1, at PageID 2). Plaintiff arguably also seeks injunctive relief as to his First Amendment Free

4

Exercise and RLUIPA claims, to the extent he seeks to "scrap the rule" he asserts prevents him from attending religious services. (Doc. 1, at PageID 2).

### C. Analysis

Liberally construed, plaintiff's complaint states a claim against defendants Frisby and Couch under the Fourth Amendment and against Taylor and Palmer under the First Amendment and, to the extent the complaint seeks injunctive relief, under RLUIPA. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against the individual defendants in their official capacities must be dismissed to the extent that plaintiff seeks monetary damages. An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, all the individual defendants in their official capacities are immune from suit to the extent that plaintiff seeks monetary damages.

Plaintiff's claims should also be dismissed against any defendant plaintiff seeks to sue under a *respondeat superior* theory. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g.*, *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a

5

subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, plaintiff's claims should be dismissed against any defendant that plaintiff seeks to hold liable under a *respondeat superior* theory.

Plaintiff's Eighth Amendment claim against Frisby and Couch should be dismissed. "The Eighth Amendment . . . prohibits conduct by prison officials that involves the 'unnecessary and wanton infliction of pain.'" *Jackson v. Corrections Corp. of Am.*, No. 4:11-cv-859, 2011 WL 3862078, at *3 (N.D. Ohio Aug. 31, 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Plaintiff's allegations do not contain facts suggesting that the alleged body-cavity searches involved the "unnecessary and wanton infliction of pain." *Chapman*, 452 U.S. at 346.

Plaintiff's First Amendment claim against Frisby and Couch is based on conclusory allegations of retaliation and should also be dismissed. *See Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. *See also Adams v. Jones*, 52 F. App'x 744, 746 (6th Cir. 2002) ("Bare allegations of malice do not suffice to establish a constitutional claim.") (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc)).

Plaintiff's RLUIPA claim against defendants Taylor and Palmer should be dismissed to the extent plaintiff seeks monetary damages because there is no cause of action for damages under RLUIPA. *See Hendricks v. Aramark, Inc.*, No. 2:14-cv-2015, 2015 WL 1809361, at *4 (S.D. Ohio Apr. 21, 2015) (citing cases).

6

Plaintiff Eighth Amendment claim against Whitlow should be dismissed because Whitlow's alleged refusal to issue plaintiff new blankets and sheets does not rise to the level of an Eighth Amendment violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (finding that extreme deprivations are required to state a conditions-of-confinement claim).

Finally, plaintiff's claims against the Warden regarding the grievance process should be dismissed because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

## II.     Analysis of plaintiff's Motion to Add Defendant (Doc. 7)

Plaintiff seeks to add "Mr. Tom Schweitzer" as a defendant. (Doc. 7, at PageID 25). Plaintiff alleges that "the Muslims in K block for the last 3 weeks was not allowed to attend any religious services due to the officers in K block would not let the petitioner out of the cells nor anyone for that matter." (Doc. 7, at PageID 25). Plaintiff claims that Schweitzer "was notified [but] did not do anything when informed of the biasness of his security staff." (Doc. 7, at PageID 25). Plaintiff also alleges that "the staff or Mr. Taylor on the maintenance staff refused to fix the heat in the dorm and it has been unsuitable living conditions due to the coldness in violation of the Human Rights Act and the 8th Amendment's Cruel and Unusual Punishment Clause." (Doc. 7, at PageID 25).

Plaintiff's "Motion to Add Defendant" (Doc. 7) should be denied. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather the supervisors or employers must have actively engaged in the unconstitutional behavior. *Id*. This same analysis applies to claims

7

brought under RLUIPA. *See Greenberg v. Hill*, No. 2:07-cv-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009). Plaintiff does not allege that Schweitzer actively engaged in behavior that violated his rights.

Further, plaintiff's claims regarding unspecified staff members' and Mr. Taylor's alleged failure to fix the heat in his cell and the allegedly cold temperatures in his cell are too conclusory for the Court to infer any violation of his Eighth Amendment Rights. "To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities." *Estep v. Million*, No. 98-6322, 1999 WL 776202, at *1 (6th Cir. Sept. 24, 1999) (citing *Rhodes*, 452 U.S. at 347). Plaintiff's conclusory allegations fail to present facts from which the Court can infer that plaintiff was deprived of the minimum civilized measures of life's necessities. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.

Because plaintiff's proposed amendment to his complaint does not state a plausible claim for relief against "Mr. Tom Schweitzer" or "the staff or Mr. Taylor on the maintenance staff,"[2] the Motion to Add Defendant (Doc. 7) should be denied as futile. *See, e.g.*, *Milstead v. Bedford Cty. Sheriff's Dep't*, No. 4:12-cv-52, 2014 WL 420395, at *9 (E.D. Tenn. Feb. 4, 2014) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

### IT IS THEREFORE RECOMMENDED THAT:

The complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Fourth Amendment individual capacity claim against defendants Frisby and Couch and plaintiff's First Amendment

---

[2]Although plaintiff's Motion to Amend Defendant expressly seeks to add "Mr. Schweitzer" as a defendant, plaintiff also seeks to add allegations against "the staff or Mr. Taylor on the maintenance staff" for allegedly "refus[ing] to fix the heat." (*See* Doc. 7, at PageID 25). Therefore, for purposes of plaintiff's Motion to Add Defendant (Doc. 7), the Court will assume that plaintiff also moves to add unspecified staff members and Mr. Taylor as parties to this case.

individual capacity Free Exercise claim and, to the extent it seeks injunctive relief, plaintiff's RLUIPA claim against defendants Chaplain Taylor and Chaplain Palmer.

It is further recommended that plaintiff's Motion to Add Defendant (Doc. 7) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Frisby, Couch, Chaplain Taylor, and Chaplain Palmer.


2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to s or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.


3. To the extent that plaintiff has filed a miscellaneous, untitled document (Doc. 8), which the Clerk of Court has appropriately docketed as a notice, this Court notes that the document does not conform to the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 7(b) (stating that "[a] request for a court order must be made by motion . . . be in writing . . . state with particularity the grounds for seeking the order; and . . . state the relief sought"). Thus, no further action as to document 8 is required.

9

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL P. HARGROVE,                     Case No. 1:17-cv-748
    Plaintiff,

                                                        Dlott, J.
vs.                                                        Bowman, M.J.

CAPT. FRISBY, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).